UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Freddie Tucker; Ida Hanson,

    Plaintiffs,

v.

South Shore Villas Homeowners Association; Jacqueline Taylor, *et al.*,

    Defendants.

Case No.: 2:22-cv-00379-CDS-VCF

ORDER

[ECF Nos. 26, 28]

    *Pro se* Plaintiffs Freddie Tucker and Ida Hanson sued Defendants asserting four causes of action related to the sale of their former home located at 3127 Lido Isle Court, Las Vegas, NV, 89117. *See generally* ECF No. 17 (Amended Complaint). Defendants moved to dismiss, arguing in part that Plaintiffs violated a 2017 Pre-Filing Order issued by U.S. District Court Judge Jennifer Dorsey. ECF No. 26 (citing *Tucker v. S. Shore Villas Homeowners Ass'n*, No. 2:15-CV-00961-JAD-NJK, 2017 WL *106124 (D. Nev. Jan. 10, 2017)). Plaintiffs filed a Motion to Extend Time to respond to the Motion to Dismiss. ECF No. 28. For the reasons set forth herein, I grant Defendants' Motion to Dismiss[1] and deny Plaintiff's Motion to Extend Time.

    I.    Relevant Background Information

            *i.*    *Procedural History*

    Plaintiffs initiated this action on March 1, 2022. ECF No. 1. On March 30, 2022, Plaintiffs filed an Amended Complaint setting forth multiple causes of action against Defendants South Shore Villas Homeowners Association and Jacqueline Taylor. *See generally* ECF No. 17. Absent from the Complaint are any dates associated with the four causes of action set forth therein. *Id.*

---

[1]    Defendant South Shore Villas advances additional arguments in support of its motion to dismiss. ECF No. 26. Because I grant the motion based on plaintiff's violation of the Pre-Filing Order, I do not address those additional arguments herein.

On May 27, 2022, Defendant South Shore Villas Homeowners Association filed a Motion to Dismiss. ECF No. 26. The day before the Response to the Motion to Dismiss was due, Plaintiffs filed a Motion to Extend Time to request 60 additional days to file their response. ECF No. 28. According to the motion, Plaintiff Tucker recently underwent major surgery and has had memory issues. *Id.* at 2, ¶ 1. To support this request for more time, Tucker attached a letter addressed to "Sir or Madam," on letterhead associated with "Atelier Health," and signed by a Dr. David Ng. *Id.* at 3. The letter states Tucker has complained of memory issues and that he is currently being evaluated for memory loss and cognitive decline. *Id.* The letter is dated 8 days *before* defendant South Shore filed its motion to dismiss.[2] *Id.* The letter does not state that Tucker recently underwent major surgery. *Id.*

                ii.        *Previous Duplicative Litigation*

This is not the first time Plaintiffs have sued over the foreclosure sale of their former home located at 3127 Lido Isle Court, Las Vegas, Nevada. Tucker first sued Defendant South Shore HOA and various HOA individuals, including Defendant Taylor, in state court challenging the HOA assessments against the property. *See Freddie Tucker v. So. Shore Villas HOA*, Eighth Jud. Dist. Ct. Clark Cnty. Nevada, Case No. 04A481795. The state court entered judgment against Plaintiffs. Tucker did not appeal that action. The Lido Isle home was sold in a foreclosure sale.

Shortly after the foreclosure sale, Lido Isle brought a quiet-title action against Tucker and First Fidelity Credit Company, which claimed to hold two deeds of trust on the property, to expunge the *lis pendens* filed by Tucker. *See Lido Isle Ct. Trust v. Freddie Tucker, et al.*, Eighth Jud. Dist. Ct. Clark Cnty. Nevada, Case No. A-12-669616-C. Tucker asserted counterclaims in that action.

---

[2] While it does not impact the underlying decision to dismiss this action, the Court questions the veracity of this letter given that it is not addressed to any specific person and *pre-dates* the filing of Defendant's Motion to Dismiss.

The state court entered summary judgment in favor of Lido Isle on all claims, and as relevant to this motion, found that the lawful HOA foreclosures sale extinguished any interest in the property held by Tucker. Again, Tucker did not appeal.

Plaintiffs then filed another case in state court wherein they once again sought to challenge the foreclosure sale and regain title to the property. *See Freddie Tucker v. So. Shore Villas HOA*, Eighth Jud. Dist. Ct., Clark Cnty. Nevada, Case No. A–14–709994–C. In that case, plaintiffs sued two of the same defendants in this case (South Shore Villas HOA and Jacqueline Taylor) and filed a second *lis pendens*. *Id.* The state court dismissed the case and expunged the *lis pendens*, finding that Plaintiffs' claims against the HOA defendants were either barred by claim preclusion or should have been brought in the case challenging the HOA assessments. *Id.* The state court also found that Plaintiffs' claims against the Lido Isle defendants were either barred by claim preclusion or should have been brought in the quiet-title action filed by Lido Isle in which Tucker asserted counterclaims. *Id.* Plaintiffs appealed and lost. *Tucker v. S. Shore Villas Homeowners Ass'n*, No. 68096 (Nev. App. Dec. 16, 2015).

Plaintiffs then filed yet another lawsuit seeking to challenge the foreclosure sale in the United States District Court for the Central District of California. *Tucker v. S. Shore Villas Homeowners Ass'n*, No. CV-15-3042-R (C.D. Cal. May 11, 2015). That case was dismissed for lack of personal jurisdiction. *Id.*

The civil actions involving the property did not end there. Plaintiffs filed a sixth action, now in federal court, seeking to challenge the foreclosure sale in this forum and filed a third *lis pendens* against the property. *Tucker v. S. Shore Villas Homeowners Ass'n*, No. 2:15-CV-00961-JAD-NJK (D. Nev. 2015). Judge Dorsey granted Defendants' Motion to Dismiss. She also granted Defendants' request to declare Plaintiffs vexatious litigants. Id. The Order dismissing the action incorporated the aforementioned Pre-Filing Order. *Id.* at *3. The Pre-Filing Order states:

> Having cautiously reviewed the pertinent circumstances, I find that the narrowly tailored order requested by defendants is appropriate, with the exception of the bond requirement. Plaintiffs have been given notice and an opportunity to oppose defendants' request, which they did. The state-court cases outlined in this order support my conclusion that a prefiling order is warranted. Plaintiffs named all of the defendants in this case that they also named in case A709994, in which they were placed on notice by the state court's order granting dismissal and the Nevada Supreme Court's order of affirmance that their claims challenging the foreclosure sale of the property are either barred by claim preclusion or barred because they should have been brought in one of the earlier cases. Plaintiffs' claims challenging the HOA assessments and the validity of the foreclosure sale were rejected on their merits in cases A481795 and A669616, and the Nevada state court has twice expunged lis pendens on the property filed by Tucker.

*Id.*

Further, the Pre-Filing Order found that Plaintiffs' actions in filing that lawsuit were "at least frivolous, if not harassing." *Id.* Consequently, the Pre-Filing Order barred Plaintiffs and those in privity with them from filing further challenges to the 2012 foreclosure sale against the defendants in that action and those in privity with them *Id.*

II.  Discussion

As a threshold matter, I find that Judge Dorsey's Pre-Filing Order is applicable to this case. "District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). "Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Id.* Judge Dorsey entered the Pre-Filing Order because Plaintiffs have filed several civil actions in state and federal courts repeatedly attempting to challenge the 2012 foreclosure of the Lido Isle property. Despite the entry of that Pre-Filing Order, Plaintiffs filed the instant action against two of the *same* defendants in the 2015 case.

4

While no specific date is listed, it is clear from reviewing the Amended Complaint and the pending Motion to Dismiss that all of Plaintiffs' stated causes of action relate to the foreclosure of the Lido Isle residence. I find that Plaintiffs' filing of this case directly violates Judge Dorsey's Pre-Filing Order. Accordingly, I dismiss this action.

Because I am dismissing this entire action for failure to comply with the Pre-Filing Order, I do not reach a decision on the other arguments set forth by South Shore Villas Homeowners Association's Motion to Dismiss and deny them as moot. Also, because I am dismissing this action for violating the Pre-Filing Order, I DENY Plaintiff's Motion to Extend Time to file a response to the Motion to Dismiss (ECF No. 28).

### III.    Conclusion

For the reasons set forth in this Order, this action is dismissed. Plaintiffs are reminded that they *must* comply with the Pre-Filing Order issued by Judge Dorsey.

IT IS HEREBY ORDERED THAT Defendant South Shore Villas Homeowners Association's (ECF No. 26) Motion to Dismiss is GRANTED. This action is dismissed for Plaintiff's failure to comply with the January 10, 2017, Pre-Filing Order entered in *Tucker v. S. Shore Villas Homeowners Ass'n*, No. 2:15-CV-00961-JAD-NJK, 2017 WL 106124 (D. Nev. Jan. 10, 2017).

IT IS FURTHER ORDERED THAT Plaintiff's Motion to Extend Time to file a response to the motion to dismiss (ECF No. 28) is DENIED.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED this 21st day of June 2022.

_____
Cristina D. Silva
United States District Court Judge